# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| TODD A. WOODBURN, | ) |
| NICOLETTE R. WOODBURN, | ) Bankruptcy No. 15-00149 |
| | ) |
| Debtors. | ) |
| | ) |
| MARK S. WOODBURN and | ) |
| DEBORAH K. WOODBURN, | ) |
| | ) |
| Plaintiffs, | ) Adversary No. 15-09016 |
| | ) |
| v. | ) |
| | ) |
| TODD A. WOODBURN and | ) |
| NICOLETTE R. WOODBURN | ) |
| | ) |
| Defendants. | ) |

## RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Creditors Mark S. and Deborah K. Woodburn ("Plaintiffs") filed this case to challenge dischargeability of debts owed to them by Debtors, Todd and Nicolette Woodburn ("Debtors"). The parties filed cross-motions for summary judgment and supporting briefs on September 15, 2015. The Court held a telephonic hearing on October 2, 2015. William Toomey appeared for Plaintiffs. Steven Klesner appeared for Debtors. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

1

## STATEMENT OF THE CASE

The parties agree that this case hinges on whether pre-petition state court litigation precludes Plaintiffs, under collateral estoppel principles, from arguing that damages for breach of contract are excepted from discharge under § 523(a)(2)(A). There is no dispute that the previous litigation resulted in separate damage awards to plaintiff for misrepresentation and breach of contract (as well as for battery and punitive damages not relevant here). Both the misrepresentation and the breach of contract actions resulted from a single transaction involving real property at 122 North Market Street in Solon, Iowa (the "Solon house"). There is no dispute that damages for misrepresentation are non-dischargeable. The sole dispute is whether the $125,000 award for breach of contract is based on, or should be considered to be, non-dischargeable misrepresentation.

Plaintiffs' motion for summary judgment argues that the misrepresentation and breach of contract were part of the same transaction and that the jury verdict shows that the misrepresentation caused the breach of contract. Based on this argument they assert that the breach of contract damages resulted from misrepresentation and are not dischargeable under § 523(a)(2)(A).

Debtors' cross-motion for summary judgment argued that the jury specifically separated the breach of contract and misrepresentation claims and decided the amount of damages attributable to each. Debtors argue that the

doctrine of collateral estoppel precludes Plaintiffs from relitigating an issue that has already been decided.

The Court finds that § 523(a)(2)(A) does not prohibit the discharge of the $125,000 breach of contract damages.

## STATEMENT OF FACTS

Debtors are Plaintiffs' son and daughter-in-law. Plaintiffs originally owned and lived in the Solon house. Plaintiffs and Debtors agreed that Plaintiffs would give Debtors title to the Solon house in exchange for Debtors giving Plaintiffs a life estate in the house. There was a written Habitation Agreement that would have established Plaintiffs' life estate, but the Debtors never signed it. After Plaintiffs gave Debtors title to the Solon house, Debtors evicted Plaintiffs from the house.

Plaintiffs sued Debtors. Plaintiffs eventually obtained a civil judgment on January 30, 2015 after a three-day jury trial. The case involved the Solon house transactions, which are relevant to this dispute, as well as other facts and claims that are not relevant to this dispute. The jury awarded $2,500 to both Plaintiffs and against Debtor Todd Woodburn, $2,500 to both Plaintiffs and against Debtor Nicolette Woodburn, for misrepresentation, and $125,000.00 to both Plaintiffs and against both Debtors for breach of contract. The jury also awarded $40,000 to Plaintiff Mark Woodburn and against Debtor Todd Woodburn for conversion; $22,061.38 to Plaintiff Mark Woodburn and against Debtor Todd Woodburn for

battery; $7,817.77 to Plaintiff Deborah Woodburn and against Debtor Todd Woodburn for battery; $5,000 to Plaintiff Mark Woodburn and against Debtor Todd Woodburn for punitive damages; $2,500 to Plaintiff Deborah Woodburn and against Todd Woodburn for punitive damages. Those damages are not relevant here.

About two weeks after the trial, Debtors filed their Chapter 7 bankruptcy petition. Plaintiffs filed this adversary challenging the dischargeability of the battery, punitive damages, misrepresentation, and breach of contract awards. Plaintiffs did not challenge the dischargeability of the conversion award. Debtors admit that the judgment debts for battery, punitive damages, and misrepresentation are excepted from discharge. Debtors deny that the $125,000 award for breach of contract is excepted from discharge.

Although the only dischargeability issue is the breach of contract award, the misrepresentation award also is relevant because Plaintiffs argue that the jury found that the breach of contract was based on the misrepresentation. The jury found that the Debtors misrepresented to Plaintiffs "that in exchange for the title to the real estate, the plaintiffs would receive a life estate in such property." The jury also specifically found that Debtors breached a contract to create and enforce that life estate. Plaintiffs argue the breach of contract damages stem directly from the misrepresentation—and therefore should be treated as nondischargeable under

4

§ 523(a)(2)(A).  Debtors argue that the jury already expressly decided this issue.  It found that Plaintiffs' damages from the misrepresentation were $5,000, separate and apart from the damages of $125,000 for breach of contract.

## CONCLUSIONS OF LAW

Both parties move for summary judgment.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56 to adversary proceedings).  An issue is genuine when reasonable minds could differ as to the verdict of the case because of that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986).  A fact is material if it "might affect the outcome of the suit."  Id. at 248.  The Court will view the facts and make "all reasonable inferences in the light most favorable to the nonmoving party."  Reed v. City of St. Charles, 561 F.3d 788, 790 (8th Cir. 2009).

The parties agree that there are no genuine issues of material fact that need to be addressed.  The parties agree that the judgment debts for battery, punitive damages, and misrepresentation are not dischargeable.  Thus, at least $42,379.15 of Plaintiffs' claim against Debtors is excepted from discharge.

The parties disagree about whether the $125,000 breach of contract award is dischargeable.  Plaintiffs argue that the breach of contract damages resulted

directly from the misrepresentation. Debtors argue that collateral estoppel precludes Plaintiffs from making this argument.

Plaintiffs disagree that collateral estoppel precludes their argument. They argue that the verdict form shows the misrepresentation necessarily caused the breach of contract damages. Plaintiffs' argue that they are not relitigating the issue, but simply asking the Court to look at the jury verdict as a whole and in context.

The dispositive issue is whether collateral estoppel precludes Plaintiffs from arguing that the $125,000.00 judgment for breach of contract is a debt "for money . . . obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A) (2012). In particular, decision on this issue requires the Court to interpret the meaning of a jury verdict that addressed the amount of damages that resulted from the misrepresentation, but also found breach of contract damages resulted from those same facts. The Court finds that collateral estoppel precludes this argument.

Collateral estoppel applies to dischargeability actions. Grogan v. Garner, 498 U.S. 279, 285 n.11 (1991). Collateral estoppel bars relitigation of issues decided in a prior judicial proceeding. Hartnett v. Mustelier (In re Hartnett), 330 B.R. 823, 828 (Bankr. S.D. Fla. 2005) (citing Bush v. Balfour Beatty Bahamas, Ltd., 62 F.3d 1319 (11th Cir. 1995)). Although collateral estoppel is most often

6

invoked by creditors to preclude debtors from religating the fraudulent basis of a debt, collateral estoppel applies to both creditors and debtors.  <u>Webb v. Gathof</u> (<u>In re Gathof</u>), No. 09-17451-SSM, 2010 WL 2375881, at *3 (Bankr. E.D. Va. June 7, 2010).

When the parties have litigated an issue in a state court, the collateral estoppel law of that state applies.  <u>Durns v. Dawson</u> (<u>In re Dawson</u>), 270 B.R. 729, 732 (Bankr. N.D. Iowa 2001) (citing <u>In re Madsen</u>, 195 F.3d 988, 989 (8th Cir. 1999).  Under Iowa law, collateral estoppel bars the relitigation of an issue if (1) the issue in the current action is the same as in a previous action, (2) the issue was raised and actually litigated in the previous action, (3) the issue was material and relevant to the previous action, and (4) the decision was necessary and essential to the disposition of the previous action.  <u>Id.</u>  The state court judgment meets all of these elements.  The amount of damages that resulted from the fraudulent misrepresentation was actually litigated in the state court action, and the jury made an essential finding that was material to the judgment.

Plaintiffs point out that the verdict form indicates that the misrepresentation caused the breach of contract.  Plaintiffs argue that they are not relitigating the issue.  Instead, they are simply asking the Court to draw a reasonable conclusion from the verdict form.  Plaintiffs believe the verdict form shows that the breach of contract and misrepresentation are factually and logically connected.

7

Debtors argue that Plaintiffs' argument is still an improper collateral attack on the state court judgment. Debtors point out that the jury already answered the explicit question Plaintiffs try to pose again—the extent of Plainiffs' damages caused by the misrepresentation. The jury answered that question and found that it was $5,000. Debtors note that the jury also answered how much damage was from the separate claim of breach of contract. The jury also answered that question and found that it was $125,000. Debtors believe that any attempt to increase the misrepresentation damages amount beyond the $5,000 jury award is precluded by collateral estoppel.

This case is similar to In re Gathof. There the debtors had falsely represented to the plaintiffs that their company had a valid contractor's license. Webb v. Gathof (In re Gathof), No. 09-17451-SSM, 2010 WL 2375881, at *2 (Bankr. E.D. Va. June 7, 2010). Based on this false representation, the plaintiffs contracted with the debtors to perform work. Id. Disputes arose out of this contract, and plaintiffs sued debtors in state court. The jury awarded plaintiffs $4,000 for fraud and $22,000 for breach of contract. Id. Debtors filed for bankruptcy and plaintiffs brought an adversary alleging that both awards were excepted from discharge under § 523(a)(2). Id. The court found:

> where the issue of fraud was fully tried before a jury in the state court, and plaintiffs received a judgment for only $4,000 based on their assertion that they were fraudulently induced to enter into the home improvement contract with the defendants, collateral estoppel bars a

8

>
> finding by this court that the separate damages they were awarded for breach of contract—which were the same damages alleged in their fraud count—are nondischargeable as arising from fraud. . . . To hold otherwise would give a creditor, not . . . simply the option of proceeding on a simple contract claim and reserving the fraud claim for determination only if the defendant filed for bankruptcy, but instead would give the creditor who did not succeed in state court a second bite at the apple and put this court in the anomalous position of resurrecting a claim rejected by the state court on the merits. . . . But having chosen to raise and litigate their fraud claims in the state court litigation, and having achieved only a partial victory, they cannot mount in this court a collateral attack on the jury's finding by asking this court to determine that, after all, the entirety of their damages, and not merely $4,000, flowed from the false representations that the debtors held a Class A contractor's license.

Id. at *3. The Court finds this authority persuasive.

Plaintiffs litigated the fraudulent basis of their claims in state court. It would be improper to give them another opportunity to establish that fraudulent misrepresentation is the basis of their breach of contract claim. The jury already answered the question here—the amount of damages resulting from misrepresentation. The jury found that it was $5,000. Plaintiffs assert that the jury must have seen the $5,000 award for fraudulent misrepresentation as a kind of punitive damage award. There is no basis for reaching that speculative conclusion here. Collateral estoppel precludes Plaintiffs from arguing that the breach of contract damages were really damages stemming from the misrepresentation. Therefore, the $125,000 breach of contract damage award is not excepted from discharge under § 523(a)(2)(A).

## CONCLUSION

**WHEREFORE**, Plaintiffs' Motion for Summary Judgment is GRANTED IN PART, as to the uncontested matters, and DENIED IN PART, as to the contested matters.

**FURTHER**, Debtor/Defendants' Motion for Summary Judgment is GRANTED.

Dated and Entered: December 3, 2015

_____
**THAD J. COLLINS**
**CHIEF BANKRUPTCY JUDGE**